**45D02-2111-CT-001098**

Lake Superior Court, Civil Division 2

Filed: 11/1/2021 3:46 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA )  | | IN THE LAKE _____ COURT |
| ) SS. | | |
| COUNTY OF LAKE ) | | |

| | |
|---|---|
| GEORGE FIELDS, ) | CAUSE NO: _____ |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TOWN OF MERRILLVILLE, ) | |
| TOWN OF MERRIVILLE POLICE DEPARTMENT, ) | |
| FORMER CHIEF OF POLICE JOSEPH ) | |
| PETRUCH, DETECTIVE ALLISON ) | |
| ELLIS, and COMMANDER JEFF ) | |
| RICE, MERRILLVILLE POLICE COMMISSION ) | |
|     Defendants. ) | |

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COMES NOW Plaintiff, GEORGE FIELDS, by and through counsel, Matthew N. Fech of the

Law Office of Matthew N. Fech, P.C. and for his cause of action against the Defendants, states as

follows:

### GENERAL ALLEGATIONS

1.    That at all times alleged in this Complaint, George Fields was a sworn police officer at the

Merrillville Police Department, in Merrillville, Lake County, Indiana.

2.    All relevant incidents in this matter arise from events that occurred in Lake County,

Indiana.

3.    Defendant Town of Merrillville was incorporated as a town in the State of Indiana, County

of Lake in 1971.

4.    That the Town of Merrillville has created the Merrillville Police Department and the

Merrillville Police Commission and has supervisory and organizational responsibilities for

over these two organizations and may be held accountable for the unconstitutional

actions of the employees and/or members of these two members by policy statement,

ordinance, regulation or decisions officially adopted and promulgated by the Town of Merrillville.

5.   That at the time of the allegations in this Complaint, Defendant Joseph Petruch was the Chief of the Merrillville Police Department and employed by the Town of Merrillville.

6.   That at the time of the allegations in this Complaint, Defendant Jeff Rice was a Commander with the Merrillville Police Department and employed by the Town of Merrillville.

7.   That at the time of the allegations of this Complaint, Defendant Allison Ellis was a Police Officer and Detective with the Merrillville Police Department and employed by the Town of Merrillville.

8.   In November of 2019, Defendant was informed that Plaintiff was placed on administrative leave without pay due to allegations that he had engaged in criminal conduct, which was investigated internally at the direction of Defendant Joseph Petruch, Commander Jeff Ellis, and by Detective Allison Ellis of the Merrillville Police Department.

9.   That in Lake County, Indiana, it is not typical for a police agency to investigate one of its own officers; rather, the matter is typically referred to an outside law enforcement agency so that the investigation is completed in a fair and unbiased manner.

10.   As a result of the Plaintiff being placed on administrative leave due to suspension by Defendants toward Plaintiff, disciplinary charges were brought against Plaintiff seeking termination of his employment; however, no hearing before Defendant Merrillville Police Commission was ever held and as a result, Plaintiff's Due Process rights pursuant to were violated as the ordinary procedure ofprotocol was not followed by all Defendants named herein.

11.   That criminal charges were filed against Plaintiff, but those charges were ultimately dismissed by the State of Indiana.

12.   Plaintiff prevailed on all disciplinary charges filed against him related to this incident, and the Plaintiff was reinstated as a Merrillville Police Officer in January of 2021.

13.   As a result of the actions by all Defendants in this matter, Plaintiff suffered damages to his reputation as well as significant financial damages.

2

14.     That all of these actions against Plaintiff were at the direction of Defendant Petruch as the Chief of Police for the Town of Merrillville

### COUNT I – VIOLATION OF STATUTORY I.C. 36-8-3.5-19

15.     Plaintiff restates the "General Allegations" section of this Complaint as if wholly restated herein.

16.     The administrative leave was impermissibly vague in that it only alleged "concern has been expressed" rather than providing an explanation for the decision as required by I.C. 36-8-3.5-19.

17.     Plaintiff's statutory rights were violated by failing to provide an explanation for the decision of suspension as required by statute.

        Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his Complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

### COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

18.     Plaintiff restates all allegations and averments above as if fully re-written herein.

19.     As a result of the conduct complained of herein, Plaintiff suffered emotional distress as a result of the suspension from his employment

        Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

20.     Plaintiff restates all allegations and averments above as if fully re-written herein.

21.     Defendants, as a result of their knowing and intentional conduct towards Plaintiff, Plaintiff was inflicted with emotional distress by all of the named Defendants.

3

22.     As a result of the conduct complained of herein by Defendants, Plaintiff suffered tremendous humiliation and embarrassment.

## COUNT IV – MALICIOUS PROSECUTION

23.     Plaintiff restates all allegations and averments above as if fully re-written herein.

24.     Defendants, in their individual capacity or as a whole, instituted or caused to be instituted a prosecution against the Plaintiff in the Lake Superior Court, Criminal Division.

25.     Defendants, in their individual capacity or as a whole, acted with malice in doing so.

26.     That because the Defendants performed the investigation rather than referring the matter to a separate police agency, Plaintiff avers that evidence was either manufactured or overlooked by Defendants.

27.     Had a proper investigation been completed, there would have been no probable cause to file criminal charges against Plaintiff.

28.     After proper consideration, the State of Indiana dismissed the criminal matter against Plaintiff thereby terminating the prosecution in Plaintiff's favor.

        Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

## COUNT V – DEFAMATION

29.     Plaintiff restates all allegations and averments above as if fully re-written herein.

30.     That Plaintiff was defamed as a result of the malicious acts of Defendants which caused false criminal charges to be filed against Plaintiff which was reported by both local news media outlets, The Northwest Indiana Times and the Post-Tribune.

        Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

4

## COUNT VI – FALSE ARREST
## (42 USC 1983 Action)

31.     Plaintiff restates all allegations and averments above as if fully re-written herein.

32.     That due to the malicious actions of Defendants Petruch, Ellis and Rice probable cause
        for Plaintiff's arrest was manufactured.

33.     That had a proper investigation by Defendants Petruch, Ellis and Rice or an independent
        agency been completed it would have been found that probable cause did not exist for
        the filing of criminal charges against Plaintiff, nor would Plaintiff ever had been arrested
        as result of the manufactured probable cause against Plaintiff.

34.     Because probable cause did not exist or the Lake County Prosecutor's Office was lead to
        believe that probable cause existed when in fact it did not, Plaintiff was arrested and
        processed and required to post bond in order to be released from custody.

        Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his

favor on all counts of his complaint, monetary damages, attorney fees, and any other relief just

and proper in the premises.

## COUNT VII – 42 USC 1983 ACTION
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

35.     Plaintiff restates all allegations and averments above as if fully re-written herein.

36.     That as a result of the malicious and intentional acts of Defendants Petruch, Rice and
        Ellis of the Merrillville Police Department to manufacture probable cause against
        Defendant, while acting under the color of Indiana State law, the Plaintiff's civil rights
        were violated, including, but not limited to, Plaintiff's due process rights under the 5th
        and 14th Amendments to the United States Constitution and the 4th Amendment for
        Plaintiff's false arrest.

37.     That as result of these actions by Defendants Petruch, Rice and Ellis, the Town of
        Merrillville and the Merrillville Police Department should be held liable pursuant to
        Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff, by counsel, requests this Honorable Court for a judgment in his favor on all counts of his Complaint, monetary damages, attorney fees, and any other relief just and proper in the premises.

**Jury Trial Demand**

Plaintiff, by counsel, hereby demands trial by jury on all counts of this Complaint.

Respectively submitted,

_____
Matthew N. Fech (23277-45)
Counsel for Plaintiff
**Law Office of Matthew N. Fech, P.C.**
P.O. Box 894
Griffith, Indiana  46319
Telephone:  (219) 228-8374
Fax:  (219) 979-5319
E-mail:  mnf@fech-law.com